146 July 1, 2026 No. 608

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TRINITY ANN McKAIG,
*Defendant-Appellant.*

Union County Circuit Court
24CR14054, 24CR15495; A186534 (Control), A186535

Thomas B. Powers, Judge.

Submitted May 8, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

EGAN, J.

Affirmed.

_____

* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**EGAN, J.**

In this consolidated appeal, defendant appeals judgments of conviction for two counts of unlawful use of a vehicle, ORS 164.135, and one count of resisting arrest, ORS 162.315. On appeal, in two assignments of error, defendant contends that the trial court erred when it imposed a probation condition in two cases requiring that he "[o]bey all laws, municipal, county, state and federal, and in circumstances in which state and federal law conflict, obey state law." Specifically, defendant contends that that probation condition violates the Supremacy Clause of Article VI of the United States Constitution. We affirm.

As an initial matter, contrary to defendant's argument, under the circumstances, preservation is not excused and, thus, our review is limited to plain error. Among other points leading to that conclusion, we note that, during the sentencing hearing, the court stated that it was sentencing defendant to supervised probation; the generally applicable statutory conditions of probation are set forth in ORS 137.540(1), which includes the challenged "obey all laws" condition, ORS 137.540(1)(h); and the state recommended the sentencing court impose "the standard conditions" of probation during sentencing in Case No. 24CR15495, and defendant responded that that was an "appropriate resolution to the case."[1] *See State v. McClintock-Perez*, 346 Or App 34, 36, 583 P3d 574 (2025) (concluding preservation was not excused under similar circumstances).

As to the merits, defendant's argument is foreclosed by our decision in *McClintock-Perez*, in which we rejected the same argument that defendant makes concerning the same probation condition imposed on a different defendant, concluding that, in "light of the parties' competing arguments and lack of direct authority for the asserted error, the legal point is reasonably in dispute and is not obvious." *Id.* at 37. That is, if there is any error here, the error is not plain. *Id.* at 36-37 (describing requirements for "plain error").

Affirmed.

---

[1] Defendant was sentenced in Case No. 24CR15495 and the other case that is at issue in this appeal during the same sentencing hearing.